JOHN L. HINTON v. J. L. PRITCHARD, et al.

*Trustee, Discretion and Duties of—Sale under Deed of Trust.*

1. In trust deed for the benefit of creditors, the trustee is agent of both creditor and debtor and must exercise his discretion in a reasonable and intelligent manner, and use his power in such a way as neither to oppress the debtor nor sacrifice the estate.

2. The holder of a note secured by a junior deed of trust bought one of two parcels of land embraced in it, and afterwards purchased the note secured by the senior deed, and then, treating the latter deed as still in force, demanded that the trustee at the sale under it should first sell another parcel embraced in both deeds, while the debtor requested that the lot purchased by the creditor at the first sale should be first offered; *Held*, that the trustee had the right, in his discretion, to disregard the instructions of the creditor and to follow the request of the debtor, there being no allegation of fraud or wrong doing on the part of the trustee.

CIVIL ACTION, for the recovery of land, tried before *Timberlake, J.*, and a jury, at Fall Term, 1896, of PASQUOTANK Superior Court. There was judgment for the plaintiff and defendants appealed.

120—1

*Messrs. Battle & Mordecai,* for plaintiff.
*Mr. E. F. Aydlett,* for defendant (appellant).

MONTGOMERY, J.: The plaintiff purchased the tract of
land, which is the subject of this action, at a trustee's sale
made under a deed of trust subsequent to and subject to the
provisions of a former deed of trust.   The debtor was the
same in both deeds and both deeds embraced the tract of
land described in the complaint, and also another parcel
of real estate described as the town lot.   The plaintiff pur-
chaser was the *cestui que trust* in the deed under which he
bought, and the trustee's deed to him recited that the land
sold was subject to the former trust deed.   The former
trust deed referred to was executed to U. L. Simpson, trustee.
After the purchase of the land by the plaintiff, he bought
from the holder the note secured in the first deed of trust.
Both parcels of land were then advertised regularly and
sold by Simpson under the first deed.   At the sale, the
plaintiff insisted that Simpson should sell the town lot first,
and the debtor insisted that the tract which the plaintiff had
purchased under the first sale should be sold first.   The
trustee, Simpson, sold first the tract which the plaintiff had
bought at the first sale, and the defendant J. L. Pritchard,
a son of the debtor, became the purchaser at the price of
five dollars.   There is no allegation of fraud or wrong
doing alleged in the complaint, and no allegation as to the
value of the tract of land.

The question then presented is, did the trustee Simpson
have the discretion and power to sell first in order the tract
of land which he did sell first, against the plaintiff's specific
direction that he should sell the town lot first?   If the
trustee has this power and discretion, it follows that the de-
fendant got a good title to the land, notwithstanding that
the purchaser was the son of the debtor and the purchase

money was only five dollars (no fraud having been alleged in the transaction), and the plaintiff cannot recover. The plaintiff having bought the tract of land at the first sale under the junior trust deed got title to the land upon his purchasing the note secured in the first deed of trust. At the sale of the land he acquired, by his deed fr.m the trustee, all the interest of the debtor in the same, subject to the charge upon it of the indebtedness secured in the first deed, and the purchase of that indebtedness was a payment of it if he chose to so regard it. But the plaintiff did not choose to be satisfied with this position. He treated the first deed of trust as still open and in force, and ordered the trustee to proceed under it with a sale of one of the parcels of land conveyed in it. In our opinion he could not treat the trust as open for the sale of one parcel of the land and closed as to the other. In trust deeds for the benefit of creditors, the trustee is the agent of both creditor and debtor, and he is required to discharge his duties with the strictest impartiality as well as with fidelity, and according to his best ability. *Johnston* v. *Eason*, 38 N. C., 330; Perry on Trusts, Section 620. The purposes of the creditor and debtor, here, are plainly to be seen in this transaction. The creditor wished to place the burden of his debt upon the town lot, he having bought the other tract at the first sale but still subject to the first trust deed; and the debtor wished to make him proceed against the tract which he had bought at the first sale, and by that course to save his home. Under this condition of things the trustee was forced to exercise his discretion, and the law holds him to the exercise of this discretion in a reasonable and intelligent manner. He was bound in the exercise of his power to use it neither for the oppression of the debtor nor to sacrifice the estate. We cannot say from the facts in this case that the trustee, Simpson, exercised his power

unjustly towards the creditor, the plaintiff, or unnecessarily prejudical to his interests. We can see from the record in the case how the trustee may have impartially, and with the utmost good faith, acted as he did, thinking that the creditor might be unprejudiced in his rights and that the debtor might be enabled to save his home. There is nothing going to show either bad faith or unfair discretion in the action of the trustee. The result is serious to the plaintiff, but a person *sui juris* is allowed to manage his own affairs in his own way, if not contrary to law.

There was error in the ruling of His Honor, and judgment should have been rendered for the defendants.

Error.