W. H. THOMPSON v. THE STATE OF NORTH CAROLINA, W. KERR SCOTT, COMMISSIONER OF AGRICULTURE, AND L. Y. BALLENTINE, W. I. BISSETTE, L. L. BURGIN, CHARLES F. CATES, CLAUDE T. HALL, W. G. HARGETT, D. R. NOLAND, MISS ETHEL PARKER, J. H. POOLE, AND LIONEL WEIL, CONSTITUTING THE BOARD OF AGRICULTURE OF THE STATE OF NORTH CAROLINA.

(Filed 22 September, 1943.)

**1. Mortgages § 13b—**

In a proceeding for the removal of a trustee and the appointment of a substitute trustee, under C. S., 2583, all interested persons referred to in the statute include only the trustor, trustee, or trustees and all of the *cestuis que trustent*, whose interests are secured by the deed of trust in which the trustee or trustees are sought to be removed and another substituted.

**2. Same—**

The statutes, providing for the removal and substitution of trustees in deeds of trust, which are in effect at the time of the execution of such instruments, become a part thereof, as fully as if incorporated therein.

**3. Same—**

Where a trustee is substituted in accordance with the method expressed in a deed of trust, no proceedings are necessary under C. S., 2583; and a deed made by the substitute trustee passes the title to the purchaser at a foreclosure sale.

APPEAL by defendants from *Bone, J.,* at Chambers in Tarboro, N. C., 21 August, 1943. From WASHINGTON.

This is a controversy without action and the facts and contentions pertinent to the appeal are as follows:

1. The defendants, through the Commissioner of Agriculture, contracted to purchase from the plaintiff 493.5 acres of land, situate in Washington County, N. C.

2. C. I. Milliard, a predecessor in title to the lands involved herein, and his wife, Nellie Drake Milliard, executed a deed of trust on 1 November, 1919, conveying said lands to the Trust Company of Norfolk, Va., as trustee, to secure one bond of even date therewith in the sum of $25,000.00, payable to the Colonial Joint Stock Land Bank of Norfolk, said deed of trust being recorded in the office of the Register of Deeds of Washington County, in Book 79, page 560. Thereafter, on 20 September, 1920, the Colonial Joint Stock Land Bank of Norfolk, for value received, assigned and transferred all its right, title and interest to the Federal Land Bank of Columbia.

3. On 6 March, 1920, C. I. Milliard and wife, Nellie Drake Milliard, conveyed the property in question to Elms Farm Company by deed, which is recorded in the office of the Register of Deeds of Washington County, in Book 78, page 183, and in this conveyance the grantee assumed the aforesaid indebtedness.

4. On 1 February, 1921, the Elms Plantation Company (the name having formerly been Elms Farm Company) executed a deed of trust to the Trust Company of Norfolk, as trustee for the John L. Roper Lumber Company, to secure an indebtedness of $15,201.30. On 31 December, 1927, the Elms Plantation Company, the John L. Roper Lumber Company, C. I. Milliard and the Trust Company of Norfolk, by instrument recorded as aforesaid in Book 102, at page 87, substituted M. S. Hawkins as trustee in lieu of the Trust Company of Norfolk, in the deed of trust referred to above dated 1 February, 1921.

By instrument dated 13 April, 1929, and duly recorded as aforesaid in Book 105, at page 65, F. A. Milliard acquired the indebtedness to the John L. Roper Lumber Company, secured by the aforesaid deed of trust dated 1 February, 1921.

5. By deed dated 5 February, 1930, and duly recorded, the Elms Plantation Company reconveyed the property to C. I. Milliard, subject to both the aforesaid deeds of trust.

6. On or about 18 October, 1930, the Federal Land Bank of Columbia, as petitioner, filed a petition in the Superior Court of Washington County before the clerk against the Trust Company of Norfolk, C. I. Milliard and Nellie Drake Milliard, his wife, as respondents. Among other things the petition alleged that the Trust Company of Norfolk was an inactive corporation, without a functioning Board of Directors, and was incompetent to exercise the trust as provided in the deed of trust executed as aforesaid on 1 November, 1919; and prayed the court to appoint Z. V. Norman as substitute trustee in lieu of said corporation. All the respondents filed answers admitting the allegations of the petition and consenting to the removal of said trustee. Thereafter, on 28 October, 1930, the clerk of the Superior Court signed an order substituting

Z. V. Norman as trustee in such instrument in lieu of the Trust Company of Norfolk.

Z. V. Norman, as substitute trustee, proceeded to foreclose the aforesaid deed of trust, dated 1 November, 1919, and conveyed the property to the Federal Land Bank of Columbia by deed of foreclosure, dated 10 December, 1930, and recorded in the office of the Register of Deeds of Washington County, in Book 101, at page 320.

7. The Federal Land Bank of Columbia conveyed the aforesaid lands to W. H. Thompson, the plaintiff herein, by deed dated 21 July, 1936, which deed was duly recorded as provided by law.

The defendants contend that plaintiff's title is defective because in the proceedings instituted by the Federal Land Bank of Columbia to have Z. V. Norman appointed substitute trustee, under the provisions contained in C. S., 2583, the parties interested in the junior deed of trust referred to herein, were not made parties to the proceeding. The court below held that the plaintiff, W. H. Thompson, is the owner of the land in question, in fee simple, and free from the lien of the junior deed of trust referred to herein, dated 1 February, 1921, from Elms Plantation Company to Trust Company of Norfolk, and entered judgment accordingly.

From said judgment the defendants appeal and assign error.

*Carl L. Bailey for plaintiff.*

*Attorney-General McMullan and Assistant Attorney-General Rhodes for the State.*

DENNY, J. In substituting a trustee under the provisions of C. S., 2583, the statute provides that all persons interested shall be made parties to the proceeding. Does *all persons interested* include junior lienholders? We do not so hold.

The case of *Guion v. Melvin,* 69 N. C., 242, involved the appointment of a trustee under the statute now under consideration. The trust involved both real and personal property. The trustee had died. The real property descended to the trustee's heirs and the personal property passed to his administrator, clothed with trusts. The heirs at law and the administrator refused to execute the trust. Whereupon, one of the several *cestuis que trustent* filed an *ex parte* petition for the removal of the trustees and for the appointment of a substitute trustee. The Court held that a trustee could not be removed and another substituted in an *ex parte* proceeding; that the application is in the nature of a civil action, and all persons interested must be made parties. The Court said: "If in the present case one of many *cestuis que trustent* can, upon

an *ex parte* application, remove a trustee whom all the parties have chosen to execute the trust, can take from him the possession of the property and transfer it to the mover's nominee, without giving the trustee or the other parties interested any opportunity to be heard, it must follow that one of several *cestuis que trustent* may do so in every case, and the consequences are too obvious to need mention. . . . *As to parties.* Of course no one can suppose that by the death of a trustee there ceases to be a trustee. The real property descends to his heirs, and the personalty goes to his administrator, clothed with trusts. The plaintiff properly made the heirs and administrator parties defendant. The other *cestuis que trustent* who have an interest in the question ought either to be made parties, or the summons should be on behalf of the plaintiff and all others in like situation who choose to come in, and they should receive notice of the pendency of the action."

In the instant case the proceeding was not *ex parte* and the only question is whether or not all interested persons, as required by the statute, were parties to the proceeding under consideration. It will be noted that in the case of *Guion v. Melvin, supra,* the Court held the interested parties to be the trustees and the *cestuis que trustent.* Furthermore, the reasons given in the opinion for making all the *cestuis que trustent* parties to the proceedings, clearly indicate that the necessary parties are to be limited to the trustee or trustees sought to be removed and those parties who have a right to participate in the selection of the substitute trustee.

The defendants further contend that junior lienholders ought to be made parties to a proceeding to appoint a substitute trustee, so that in the event of foreclosure they may the more easily recognize the deed of trust being foreclosed as one affecting the lands on which they hold a second lien. This position is untenable.

In *Trust Co. v. Padgett,* 194 N. C., 729, 140 S. E., 714, it is held that where a trustee is substituted in accordance with the method expressed in a deed of trust, no proceedings are necessary under the provisions of C. S., 2583; and a deed made by the substituted trustee passes the title to the purchaser at a foreclosure sale. On the other hand, while the provisions of a deed of trust are contractual, *Mitchell v. Shuford,* 200 N. C., 321, 156 S. E., 513; *Brown v. Jennings,* 188 N. C., 155, 124 S. E., 150; *Eubanks v. Becton,* 158 N. C., 230, 73 S. E., 1009, the statutes providing for the removal and substitution of trustees in deeds of trust, which are in effect at the time of the execution of said instruments, become a part thereof, as fully as if incorporated therein. *Bateman v. Sterrett,* 201 N. C., 59, 159 S. E., 14; *Hood, Comr. of Banks, v. Martin,* 203 N. C., 620, 166 S. E., 793; *Headen v. Ins. Co.,* 206 N. C., 270, 173 S. E., 349; *Bank v. Bryson City,* 213 N. C., 165, 195 S. E.,

398; *Spain v. Hines,* 214 N. C., 432, 200 S. E., 25; *Rostan v. Huggins,* 216 N. C., 386, 5 S. E. (2d), 162.

C. S., 2583, was in effect at the time of the execution of both deeds of trust referred to herein, and the parties to those instruments were charged with knowledge of the fact that a trustee might be substituted in accordance with the terms of the statute. This statute has been amended so as to provide an alternative method of substituting a trustee in an *ex parte* proceeding. See chapter 78 of the Public Laws of 1931, as amended by chapter 227 of the Public Laws of 1935, N. C. Code of 1939 (Michie), 2583a. However, in a proceeding for the removal of a trustee and the appointment of a substitute trustee, under the provisions of C. S., 2583, we hold that all interested persons referred to in the statute include only the trustor, trustee or trustees and all the *cestuis que trustent,* whose interests are secured by the deed of trust in which the trustee or trustees are sought to be removed and another substituted.

The judgment of the court below is

Affirmed.