**IN RE ESTATE OF NEISEN**

[114 N.C. App. 82 (1994)]

IN RE: ESTATE OF STANFORD ALLEN NEISEN; LARRY NORMAN, Executor; LINDA JOHNSON, Claimant and Beneficiary, Appellant; SHERRI NEISEN FAIRCLOTH and JEFF LAWRENCE NEISEN, Beneficiaries and Heirs, Appellees

No. 939SC320

(Filed 15 March 1994)

**1. Executors and Administrators § 130 (NCI4th)— claim against estate rejected—no agreement to refer—claim not properly referred to clerk of court**

There was no merit to claimant's contention that she properly referred her claim against decedent's estate as provided in N.C.G.S. § 28A-19-15, since the statute provides that the personal representative of an estate and a claimant may enter into a written agreement to refer the matter in controversy, but the representative's letter to claimant in this case suggesting that she file a notice of hearing with the clerk of court did not amount to such an agreement.

**Am Jur 2d, Executors and Administrators §§ 684 et seq.**

**2. Executors and Administrators § 1 (NCI4th)— claim against estate rejected—only way to preserve claim provided by statute—no jurisdiction of clerk of court**

Since N.C.G.S. § 28A-19-16 clearly provides that the only way to preserve a claim against an estate which has been rejected by the personal representative is by commencing an action within three months of the notice of rejection of the claim, the trial court did not err in concluding that the clerk of court had no jurisdiction to hear the appeal from the claimant whose claim had been denied by the personal representative of decedent's estate; furthermore, the clerk had no jurisdiction to hear claims which are justiciable matters of a civil nature, original jurisdiction over which is vested in the trial division, and the claim in this case was just such a claim.

**Am Jur 2d, Executors and Administrators §§ 94 et seq.**

Appeal by claimant and beneficiary from order entered 18 December 1992 by Judge Henry W. Hight, Jr. in Franklin County Superior Court. Heard in the Court of Appeals 13 January 1994.

IN RE ESTATE OF NEISEN

[114 N.C. App. 82 (1994)]

*Everette Noland for claimant and beneficiary-appellant, Linda Johnson.*

*Warren, Perry, Anthony and Cook, by John K. Cook, for beneficiaries and heirs-appellees, Sherri Neisen Faircloth and Jeff Lawrence Neisen.*

LEWIS, Judge.

Stanford Allen Neisen, a resident of Franklin County, died on 24 January 1991. He left a will which was admitted to probate in common form in Franklin County that same day. The will named Larry Norman as executor and provided specific bequests to the decedent's five children, leaving the residue to Linda Johnson ("claimant"). On 13 August 1991, claimant, who was not represented by counsel, filed a claim against the estate seeking in excess of $1,500,000.00 for, *inter alia,* services rendered and emotional damages. As shown in the 90-Day Inventory, the estate contained $98,582.31 in total assets. On 22 January 1992, the executor wrote claimant a letter in which he allowed just under $15,000.00 of the claim and denied the rest. He also advised her that if she was not satisfied, she could file a "notice of hearing" with the Clerk of Court of Franklin County. On 3 February 1992, claimant requested such a hearing. At the hearing before the Clerk, two of the decedent's five children ("beneficiaries"), through their attorney, objected to the Clerk's authority to hold the hearing. The Clerk then continued the hearing to 23 April 1992.

At the hearing, the Clerk heard evidence from claimant on two parts of her claim that were denied by the executor — services rendered and cash advanced. The Clerk then ordered that the estate pay to claimant $98,280.00 for services rendered and $26,000.00 for cash advanced, those amounts being in addition to the approximately $15,000.00 allowed by the executor. Beneficiaries appealed the order to Judge Hight, the Superior Court Judge Presiding, pursuant to N.C.G.S. § 1-272.

After a hearing, Judge Hight concluded that a claimant whose claim has been denied by the personal representative must follow the procedure set out in N.C.G.S. § 28A-19-16. That is, upon receiving notice of the personal representative's denial of the claim, the claimant must commence an action for the recovery of her claim within the next three months or be forever barred from maintaining an action on the claim. We note that prior to the hearing before

IN RE ESTATE OF NEISEN

[114 N.C. App. 82 (1994)]

Judge Hight, claimant commenced such an action, on 11 May 1992, and that case is currently pending in Franklin County Superior Court. Judge Hight further concluded that Clerks of Court have no jurisdiction to hear appeals from those whose claims have been denied. Judge Hight then vacated the Clerk's order and remanded the administration of the estate to the Clerk for further proceedings consistent with the superior court order. It is from Judge Hight's order that claimant appeals.

N.C.G.S. § 28A-19-16 provides:

> If a claim is presented to and rejected by the personal representative or collector, and not referred as provided in G.S. 28A-19-15, the claimant must, within three months, after due notice in writing of such rejection, or after some part of the claim becomes due, commence an action for the recovery thereof, or be forever barred from maintaining an action thereon.

N.C.G.S. § 28A-19-16 (1984). Claimant's argument on appeal is twofold. Claimant first argues that she properly referred her claim as provided in N.C.G.S. § 28A-19-15, and, therefore, she has complied with the statutory requirements. Alternatively, claimant contends that even if she did not properly refer her claim, the Clerk of Court, as ex-officio Judge of Probate, had jurisdiction to hear the claim.

[1] As to her first argument, claimant contends that after her claim was denied by the executor, she complied with the referral procedure set out in section 28A-19-15. That statute provides in pertinent part:

> If the personal representative doubts the justness of any claim so presented, he may enter into an agreement, in writing, with the claimant, to refer the matter in controversy, whether the same be of a legal or equitable nature, to one or more disinterested persons, not exceeding three, whose proceedings shall be the same in all respects as if such reference had been ordered in an action. Such agreement to refer, and the award thereupon, shall be filed in the clerk's office where the letters were granted, and shall be a lawful voucher for the personal representative.

N.C.G.S. § 28A-19-15 (1984).

IN RE ESTATE OF NEISEN

[114 N.C. App. 82 (1994)]

To determine whether there was a referral of the claim, we must first examine the writings on which claimant bases her argument. After the executor received claimant's claim letter, the executor wrote the claimant, denying the majority of the claim and further stating: "If this amount is not acceptable to you then I would suggest that you obtain legal representation and file a notice of hearing with the Clerk of Court of Franklin County. It appears to me that at this time this is the only reasonable position I can take with regards to your claim." In response to this letter, claimant filed a motion in the superior court which stated in part: "On January 22, 1992, I received a notice from Larry E. Norman executor of said estate denying part of my claim. Based on the above I hereby request a hearing before the Clerk of Superior Court to determine my entire claim against the above estate."

The statute provides that the personal representative "may enter into an agreement, in writing, with the claimant, to refer the matter . . . to one or more disinterested persons . . . ." N.C.G.S. § 28A-19-15. The executor's letter to claimant merely stated that he "would suggest" that claimant "file a notice of hearing with the Clerk of Court." This language does not show that there was any agreement, much less an agreement to refer the matter. And, claimant's subsequent motion does not establish that there was an agreement; rather, it merely shows that claimant followed the executor's suggestion. Because we find that there was no agreement to refer the matter, we need not decide whether the Clerk of Court is a proper referee under the statute.

[2]   Claimant's second argument is that Judge Hight erred in concluding that section 28A-19-16 provides the only procedure for the resolution of a denied claim and that the Clerk of Court has no jurisdiction to hear an appeal from an estate claimant whose claim has been denied by the personal representative. Section 28A-19-16 provides that a claimant whose claim has been denied by the personal representative, and which claim is not referred to a third party for resolution, "must, within three months, after due notice in writing of such rejection, . . . commence an action for the recovery thereof, or be forever barred from maintaining an action thereon." Rule 3 of the North Carolina Rules of Civil Procedure is entitled "Commencement of action" and provides: "A civil action is commenced by filing a complaint with the court [or by the issuance of a summons under certain circumstances]." N.C.G.S. § 1A-1, Rule 3 (1990). Section 28A-19-16 clearly provides that the only way to

IN RE PROPOSED FORECLOSURE OF McDUFFIE

[114 N.C. App. 86 (1994)]

preserve a rejected claim is by commencing an action, i.e., filing a complaint, within three months of the notice of rejection. Thus, Judge Hight did not err in concluding that the statute provides the only procedure for the resolution of a rejected claim.

Furthermore, the Clerk of Court has no jurisdiction to hear claims which are " 'justiciable matters of a civil nature,' original general jurisdiction over which is vested in the trial division. G.S. 7A-240." *Ingle v. Allen*, 53 N.C. App. 627, 628-29, 281 S.E.2d 406, 407 (1981). The claim in the present case is just such a claim. Thus, Judge Hight correctly concluded that the Clerk had no jurisdiction to hear claimant's claim.

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

Judges Johnson and Eagles concur.