DAVIS, Judge.
*31 Pamela Blackmore ("Blackmore") appeals from the trial court's order vacating a prior order entered by the clerk of court regarding the estate of Frances Sorrentino Taylor ("the Estate"). On appeal, Blackmore argues that *865 the trial court erred in (1) upholding the executor's denial of her request for reimbursement for the expenses from the decedent's funeral; and (2) determining that certain attorneys' fees and expenses incurred by Richard E. Taylor, II ("Taylor") in his capacity as executor were payable by the Estate. After careful review, we affirm in part and vacate and remand in part.
Factual Background
Frances Sorrentino Taylor ("the decedent") died on 5 May 2012 and was survived by her four children: Taylor, Sharon Taylor Dixon ("Dixon"), Frances Lynn Taylor Stoller ("Stoller"), and Blackmore-all beneficiaries of the Estate. The decedent's last will and testament was filed for probate with the Cumberland County Clerk of Court, and Taylor qualified as executor of the Estate on 14 May 2012. Taylor published a notice to creditors on four successive weeks as required by statute on 19 May 2012, 26 May 2012, 2 June 2012, and 9 June 2012, requiring creditors to submit their claims on or before 19 August 2012.
On 7 August 2012, Blackmore submitted a timely claim against the Estate seeking payment of $18,480.00 for caretaking services she provided to the decedent prior to her death. No other claims were submitted *32 by Blackmore at that time. Following the rejection of her claim by Taylor, Blackmore filed a lawsuit ("the Care Services Action") in Cumberland County Superior Court against the Estate, and Taylor retained Ward and Smith, P.A. ("Ward and Smith"), a law firm, to represent the Estate in that litigation and to provide general assistance regarding the administration of the Estate. The Honorable C. Winston Gilchrist granted summary judgment in the Estate's favor in the Care Services Action by order entered 23 July 2013, and Blackmore's action against the Estate was dismissed with prejudice. Subsequently, on 19 November 2013, the Honorable James G. Bell entered an order in that action (1) determining that "[t]he Estate has incurred reasonable attorneys' fees, costs, and expenses in this matter in the total amount of Thirty-Four Thousand Three Hundred Sixteen and 86/100 Dollars ($34,316.86)"; (2) concluding that Blackmore's complaint against the Estate was frivolous and that Blackmore should have known that the complaint "had no justiciable issues"; and (3) ordering Blackmore, pursuant to N.C. Gen.Stat. § 6-21.5, to "pay to the Estate in reimbursement of its reasonable attorneys' fees, costs, and expenses the total amount of $500.00."
On 17 July 2013, Blackmore filed a "Request for Reimbursement from Decedent's Estate," seeking $15,742.30 in reimbursement for funeral expenses that had been paid from Blackmore's and Dixon's joint bank account. This account was a deposit account with a right of survivorship that named the decedent, Blackmore, and Dixon as joint owners. On 23 September 2013, Taylor filed a petition asking the Clerk of Court to disallow Blackmore's request for reimbursement with regard to the funeral expenses and allow him to "move forward with paying final estate administration expenses, making final distributions to beneficiaries, and closing the Estate." In his petition, Taylor alleged that Blackmore's reimbursement claim against the Estate was time-barred and stated that "to the extent a formal response is required ... Taylor hereby notifies Blackmore that the Claim is absolutely and unequivocally rejected, disallowed and denied." The Estate further noted its understanding that the joint account consisted solely of funds contributed by the decedent.
A proposed final account for the Estate was filed on 2 January 2014, which included disbursements from the Estate to pay legal fees and expenses for which Ward and Smith had submitted invoices. The proposed final account and the attached disbursements report indicated that the total amount of attorneys' fees and expenses sought was $91,340.77. This sum included $16,927.67 in attorneys' fees and expenses for probate matters, $35,150.85 in attorneys' fees and expenses for litigation matters, and $39,262.22 in attorneys' fees and expenses that were not *33 specifically designated as being for probate-related or litigation-related matters. Blackmore filed an objection to the final account on 31 January 2014, in which she (1) challenged the Estate's failure to reimburse her for the funeral expenses; and *866 (2) asserted that the amount of attorneys' fees charged by Ward and Smith for probate and litigation matters was "excessive."
A hearing was held before Assistant Clerk of Court Cindy Fullerton ("the Clerk") on 13 May 2014. The Clerk entered an order on 9 June 2014 (1) granting reimbursement to Blackmore for the funeral expenses; (2) approving only $26,211.31 of the requested attorneys' fees as a valid expense of the Estate and denying the remainder; and (3) ordering that a final account be submitted within 30 days of the entry of her order. Taylor, in his capacity as executor, and Stoller, Dixon, and Taylor, as beneficiaries (collectively "Appellees"), appealed the Clerk's order to Cumberland County Superior Court. Simultaneously, the Clerk sealed the records containing detailed invoices from the Estate's counsel based on the fact that confidential attorney-client information was contained therein.
The matter came on for hearing before the Honorable Beecher R. Gray on 22 September 2014. On 20 October 2014, Judge Gray entered an order vacating the Clerk's order, denying Blackmore's claim for reimbursement for the funeral expenses, and ordering that the full amount of the legal fees and expenses for which payment had been sought be paid by the Estate. The trial court further ordered Taylor to submit a final account to the Clerk within 45 days of the entry of its order. Blackmore filed a timely appeal to this Court.
Analysis
Upon appeal to superior court of an order entered by a clerk of court concerning an estate matter, the superior court's review is limited solely to determining the following:
(1) Whether the findings of fact are supported by the evidence.
(2) Whether the conclusions of law are supported by the findings of fact.
(3) Whether the order or judgment is consistent with the conclusions of law and applicable law.
N.C. Gen.Stat. § 1-301.3(d) (2013). "The standard of review in this Court is the same as that in the Superior Court." In re Estate of Monk, 146 N.C.App. 695, 697, 554 S.E.2d 370, 371 (2001), disc. review denied, *34 355 N.C. 212, 559 S.E.2d 805 (2002). "Errors of law are reviewed de novo. " In re Estate of Mullins, 182 N.C.App. 667, 671, 643 S.E.2d 599, 602 (citation and quotation marks omitted), disc. review denied, 361 N.C. 693, 652 S.E.2d 262 (2007).
On appeal to this Court, Blackmore argues that the trial court "went beyond its jurisdictional authority" in setting aside the Clerk's order. Specifically, she contends that the trial court erred, and exceeded its limited power of review, in vacating the Clerk's order regarding both her funeral expenses claim and the amount of the legal fees and expenses payable by the Estate. We address each of these issues in turn.
I. Claim for Reimbursement of Funeral Expenses
Blackmore first argues that the trial court erred in denying her claim for reimbursement of the funeral expenses because (1) the court improperly replaced the Clerk's findings and conclusions on this issue with its own; and (2) the claim was supported by evidence of record and authorized by applicable law.
It is well established that a clerk of court has original jurisdiction in probate matters. See N.C. Gen.Stat. § 28A-2-1 (2013) ("The clerk of superior court of each county, ex officio judge of probate, shall have jurisdiction of the administration, settlement, and distribution of estates of decedents including, but not limited to, estate proceedings as provided in G.S. 28A-2-4."). When a party appeals a judgment or order entered by the clerk of court to the superior court, "the trial court sits as an appellate court." In re Estate of Mangum, 212 N.C.App. 211, 212, 713 S.E.2d 18, 19-20 (2011). Where sufficient evidence exists to support the clerk of court's findings, the trial judge cannot substitute his own findings for those of the clerk. In re Estate of Swinson, 62 N.C.App. 412, 415, 303 S.E.2d 361, 363 (1983) (explaining that superior court hearing on appeal from clerk's order in estate matter "is not a de novo hearing.... since its jurisdiction is derivative").
*867 In the present case, the trial court concluded that the Clerk erred in ordering the Estate to pay $15,742.30 in funeral expenses because the claim was time-barred. Specifically, the trial court ruled that Blackmore's funeral expenses claim did not comply with N.C. Gen.Stat. § 28A-19-3, which governs the presentation of claims against an estate and sets out the applicable deadline for submitting such claims. The trial court also ruled that the funeral expenses claim was likewise time-barred under N.C. Gen.Stat. § 28A-19-16 because Blackmore failed to commence a civil action within three months of receiving notice from Taylor of his rejection of her claim. We agree with the trial court on both counts.
*35 Under N.C. Gen.Stat. § 28A-19-3, claims against a decedent's estate that arise at or after the death of the decedent that are not based on a contract with the personal representative become "forever barred against the estate" if not brought within six months of the date on which the claim arose. N.C. Gen.Stat. § 28A-19-3(b)(2) (2013). Here, the funeral expenses were paid in May of 2012, and Blackmore did not file her claim seeking reimbursement until July of 2013-14 months after the claim arose. As such, Blackmore's claim was submitted approximately eight months after the deadline for bringing claims against the Estate had elapsed.
Blackmore attempts to distinguish her "request for reimbursement" from a claim governed by the limitations period set forth in N.C. Gen.Stat. § 28A-19-3 by arguing that funeral expenses are considered an obligation of an estate under N.C. Gen.Stat. § 28A-19-8(a), the statute addressing the funeral expenses of a decedent. Based on this argument, she contends that because (1) she was authorized to bind the Estate for funeral expenses as the decedent's health care power of attorney; and (2) the Estate is "primarily liable" for the funeral expenses of the decedent pursuant to N.C. Gen.Stat. § 28A-19-8(a), the six-month deadline for the presentation of claims set out in N.C. Gen.Stat. § 28A-19-3(b)(2) does not apply. We are not persuaded.
Article 19 of Chapter 28A of our General Statutes, which addresses claims against an estate, does not treat debts for funeral expenses separately from other debts of an estate with regard to the statutory requirements of how and when claims for payment of such debts must be made. The statutory provision addressing funeral expenses as an obligation of the estate is contained within the section of Chapter 28A entitled "Claims Against the Estate," and N.C. Gen.Stat. § 28A-19-6(a), which governs the order in which claims are paid, classifies funeral expenses up to $3,500.00 as a class two claim, receiving preferential treatment over most other types of claims, and any additional funeral expenses over $3,500.00 as allowable but without priority over other claims.
Thus, while funeral expenses are clearly considered a valid obligation of an estate, neither Blackmore's brief nor our own research reveals any statutory support for her contention that funeral debts are either (1) deemed automatically presented to the estate (as is the case with actions pending against a decedent at the time of his death where the personal representative is substituted for the decedent as a party under N.C. Gen.Stat. § 28A-19-1(c) ); or (2) exempt from the limitations period contained in N.C. Gen.Stat. § 28A-19-3(b) (as are tax claims by the state and federal governments). As such, the trial court did not err in *36 concluding that Blackmore's claim seeking reimbursement for funeral expenses was time-barred under N.C. Gen.Stat. § 28A-19-3. Moreover, contrary to Blackmore's assertions, this determination was within the trial court's scope of review as it was expressly authorized to determine whether the Clerk's order was legally correct. See N.C. Gen.Stat. § 1-301.3(d) ("Upon appeal, the judge of the superior court shall review the order or judgment of the clerk for the purpose of determining ... [w]hether the order or judgment is consistent with the conclusions of law and applicable law.").
In addition, the Clerk lacked jurisdiction to consider Blackmore's claim for reimbursement of funeral expenses in the first place because once the claim was rejected by Taylor, Blackmore's only recourse-pursuant *868 to N.C. Gen.Stat. § 28A-19-16 -was to file a civil action. As this Court explained in In re Estate of Neisen, 114 N.C.App. 82, 440 S.E.2d 855, disc. review denied, 336 N.C. 606, 447 S.E.2d 397 (1994),
Section 28A-19-16 provides that a claimant whose claim has been denied by the personal representative, and which claim is not referred to a third party for resolution, "must, within three months, after due notice in writing of such rejection, ... commence an action for the recovery thereof, or be forever barred from maintaining an action thereon."[1] Rule 3 of the North Carolina Rules of Civil Procedure is entitled "Commencement of action" and provides: "A civil action is commenced by filing a complaint with the court [or by the issuance of a summons under certain circumstances.]" N.C.G.S. § 1A-1, Rule 3 (1990). Section 28A-19-16 clearly provides that the only way to preserve a rejected claim is by commencing an action, i.e., filing a complaint, within three months of the notice of rejection....
Furthermore, the Clerk of Court has no jurisdiction to hear claims which are " 'justiciable matters of a civil nature,' original general jurisdiction over which is vested in the trial division. G.S. 7A-240." Ingle v. Allen, 53 N.C.App. 627, 628-29, 281 S.E.2d 406, 407 (1981). The claim in the present case is just such a claim.
Id. at 85-86, 440 S.E.2d at 858.
*37 Like the claimant in Neisen, Blackmore failed to file a civil action at all-much less do so within three months of the denial of her claim by Taylor. Consequently, because (1) she did not comply with the statutory procedure and accompanying deadline for challenging the denial of her claim for funeral expenses; and (2) the Clerk did not have jurisdiction to hear Blackmore's claim, Blackmore's argument on this issue is overruled.
II. Attorneys' Fees and Expenses
Blackmore next argues that the trial court erred in vacating the Clerk's findings of fact and conclusions of law concerning the amount of attorneys' fees (and accompanying expenses) that were deemed allowable as an expense of the Estate. In her order, the Clerk noted that Blackmore had objected to both (1) the $34,316.86 in attorneys' fees awarded to Ward and Smith in the litigation of the Care Services Action; and (2) the $44,703.23 in attorneys' fees incurred in various other estate administration matters. The Clerk determined, however, that the attorneys' fees incurred in the litigation of the Care Services Action and awarded in that action were not before her. The Clerk then stated that she had the authority to review attorneys' fees for reasonableness before permitting the payment of any such fees from estate assets and subsequently concluded that only attorneys' fees and expenses in the amount of $26,211.31 were allowable as an expense of the Estate.
In its 20 October 2014 order, the trial court ruled that the Clerk's decision to allow only this portion of the requested attorneys' fees constituted error. Specifically, the trial court determined that the Estate had already incurred $84,492.08 in attorneys' fees and expenses "for legal services in representing the Estate in connection with administration of the Estate and with defense against Blackmore's claims in the Blackmore Litigation," and concluded, in pertinent part, as follows:
The Clerk lacks statutory authority or jurisdiction to establish a "reasonable and customary" standard for review of legal fees and expenses incurred by the Estate. Even if such a standard existed, which is denied, the June 9 Order is in error because it fails to apply its own "reasonable and customary" standard in any finding of fact or conclusion of law.... The ultimate outcome of the June 9 Order reducing the legal fees and expenses to be paid by the Estate is without support in the evidence, the findings of fact, or the conclusions of law, which also renders the June 9 Order in error.
*38 ....
*869 All legal fees and expenses incurred by the Estate with Ward and Smith, P.A. are debts of the Estate, and the Executor should be reimbursed for any legal fees and expenses advanced by him on behalf of the Estate from his own money consistent with [N.C. Gen.Stat. § ] 28A-13-3(a)(14).
The trial court therefore ordered that (1) all legal fees and expenses for which reimbursement was sought be paid by the Estate; and (2) the Clerk proceed to close the Estate upon Taylor's submission of a proper and accurate final account.
The primary issue raised by the parties in this appeal is whether a clerk of court has the authority to review for reasonableness the legal fees incurred by an executor on behalf of the estate or, alternatively, whether the clerk's authority is limited to the ministerial task of simply determining whether the entries in a submitted account reflect the actual receipts and disbursements made by the executor (consistent with the clerk's statutory responsibility for auditing the annual and final accounts of the estate under N.C. Gen.Stat. §§ 28A-21-1 and 28A-21-2 ). In analyzing this issue, we first note the absence of a statutory provision specifically addressing the payment of legal fees to an attorney who is hired to assist in the administration of an estate pursuant to N.C. Gen.Stat. § 28A-13-3(a)(19), the statute that authorizes a personal representative to "employ persons, including attorneys ... to advise or assist the personal representative in the performance of the personal representative's administrative duties."
In contrast, N.C. Gen.Stat. § 28A-23-4 explicitly sets forth the procedure for allowing the payment of attorneys' fees by an estate where the individual serving as the personal representative of the estate is licensed to practice law and provides legal services himself to the estate. N.C. Gen.Stat. § 28A-23-4 states as follows:
The clerk of superior court, in the discretion of the clerk of superior court, is authorized and empowered to allow counsel fees to an attorney serving as a personal representative, collector or public administrator (in addition to the commissions allowed the attorney as such representative, collector or public administrator) where such attorney in behalf of the estate the attorney represents renders professional services, as an attorney, which are beyond the ordinary routine of administration and of a type which *39 would reasonably justify the retention of legal counsel by any such representative, collector or public administrator not licensed to practice law.
N.C. Gen.Stat. § 28A-23-4 (2013). Because there is not an analogous provision expressly setting out the clerk of court's authority to award attorneys' fees incurred where, as here, a non-attorney personal representative retains counsel to assist him in estate administration matters, Appellees argue that a clerk is permitted to do nothing more than simply audit the account of the estate to ensure the disbursement of attorneys' fees and related expenses are accurately reflected and has no authority to assess the reasonableness of such fees and expenses.
In making this argument, Appellees rely on In re Vogler Realty, Inc., 365 N.C. 389, 722 S.E.2d 459 (2012). In Vogler, our Supreme Court addressed the issue of whether a clerk possesses the authority to determine the reasonableness of attorneys' fees paid to a trustee-attorney in a foreclosure proceeding. Id. at 395-96, 722 S.E.2d at 464. The Court emphasized that, in general, clerks of court have "limited jurisdictional authority" and "cannot perform functions involving the exercise of judicial discretion in the absence of statutory authority." Id. at 395, 722 S.E.2d at 464. In determining that clerks lacked the authority to examine the reasonableness of attorneys' fees in the context of foreclosure proceedings, the Court contrasted the limited power of clerks in the realm of foreclosure with their greater statutory authority in the area of estates. Specifically, the Court explained that
[i]n other contexts, when the legislature has intended for the clerk to possess discretionary authority over commissions and attorney's fees, it specifically has set forth this authority, prefaced with the use of "may" or "in the discretion of." See N.C.G.S. § 35A-1116(a) (2009) (guardianship); N.C.G.S. §§ 28A-3-3, 23-4 (2009) (estates ); see also Wachovia Bank &
*870 Trust Co. v. Waddell, 237 N.C. 342, 345, 347, 75 S.E.2d 151, 153, 154 (1953) (stating that, under our prior estates statute, the allowance of commissions to an executor required the exercise of judicial discretion by the clerk of court). However, such a grant of authority is completely absent in section 45-21.33. Moreover, the audit itself is ministerial, rather than discretionary in nature, "because the law requires [the clerk] to do [it] without any application or request." Bryan v. Stewart, 123 N.C. 92, 97, 31 S.E. 286, 287 (1898) ; see also State ex rel.
*40 Owens v. Chaplin, 228 N.C. 705, 711, 47 S.E.2d 12, 16 (1948) (describing a ministerial duty as "a simple and definite duty imposed by law regarding which nothing [is] left to [the clerk's] discretion").... Therefore, during the audit the clerk is not authorized to review the trustee-attorney's payment of attorney's fees to himself for reasonableness, as this action would involve an improper exercise of judicial discretion. Instead, the clerk's audit pursuant to section 45-21.33(a) and (b) is a ministerial act that is limited to determining merely whether the entries in the report reflect the actual receipts and disbursements made by the trustee in the absence of a grant of original jurisdiction to determine additional matters.
Id. at 395-96, 722 S.E.2d at 464 (select internal citations and quotation marks omitted and emphasis added).
Appellees contend that the same result should apply here. However, based on our careful examination of the statutory provisions establishing a clerk's authority in estate matters and case law from our Supreme Court interpreting these provisions, we cannot agree.
Pursuant to N.C. Gen.Stat. § 28A-23-3(d)(1), clerks of court have the authority to allow "reasonable sums for necessary charges and disbursements incurred in the management of the estate." N.C. Gen.Stat. § 28A-23-3(d)(1) (2013) (emphasis added). The Supreme Court has expressly recognized that attorneys' fees incurred in the administration of an estate fall within this statutory provision. Phillips v. Phillips, 296 N.C. 590, 602, 252 S.E.2d 761, 769 (1979).[2] In Phillips, our Supreme Court stated that the "[c]osts of administration [of an estate] include the executor's commissions and 'reasonable sums for necessary charges and disbursements incurred in the management of the estate.' G.S. 28A-23-3. Reasonable attorneys' fees come within the latter item. " Id. (emphasis added). The Court further explained that "[a]s a judge of probate, the clerk has supervised the administration of the estate from the beginning and presumably will have some idea of the value of the service which the executor and his attorney have rendered the estate." Id. at 602, 252 S.E.2d at 769. Therefore, Phillips and Vogler, when read in conjunction with N.C. Gen.Stat. § 28A-23-3(d)(1), compel the conclusion that clerks do possess the authority to review attorneys' fees petitions for reasonableness pursuant to their power to allow reasonable sums *41 for necessary charges and disbursements incurred in the management of an estate.[3]
Finally, although we conclude that the trial court erred in ruling that the Clerk lacked the authority to review Taylor's attorneys' fees petition for reasonableness, we agree with the trial court's determination that the Clerk's order contained insufficient findings to support its decision as to the amount of attorneys' fees that were reasonable *871 and therefore allowable as an expense of the Estate. We therefore direct the trial court to remand this matter to the Clerk so that she may make the requisite findings of fact and conclusions of law to support her determination concerning the amount of attorneys' fees and expenses allowable as a reasonable charge or disbursement necessary to the management of the Estate.[4]
See N.C. Gen.Stat. § 1-301.3(b) (requiring clerk in estate matters to "determine all issues of fact and law.... [and] enter an order or judgment, as appropriate, containing findings of fact and conclusions of law supporting the order or judgment").
Conclusion
For the reasons stated above, we affirm in part and vacate and remand in part.
AFFIRMED IN PART; VACATED AND REMANDED IN PART.
Judges STEELMAN and HUNTER, JR. concur.
Judge STEELMAN concurred in this opinion prior to 30 June 2015.

N.C. Gen.Stat. § 28A-19-16 was subsequently amended to include language addressing contingent or unliquidated claims, which are not at issue in this case. See 2011 N.C. Sess. Laws 1346, 1396, ch. 344, § 4. The above-quoted language, however, remains in the current version of § 28A-19-16.

We note that Phillips was decided by our Supreme Court after the enactment of Chapter 28A of the North Carolina General Statutes in 1973. See 1973 N.C. Sess. Laws 629, 629-674, ch. 1329, § 1-5.

While not the basis for our ruling on this issue, we observe that our holding appears to be consistent with the North Carolina Clerk of Superior Court Procedures Manual issued by the University of North Carolina School of Government. The manual states that while "[t]here is no statutory provision governing the payment of attorney fees for an attorney representing a personal representative or ... hired by the personal representative in the administration of the estate.... [a] clerk may allow these fees as a 'necessary' charge incurred in the management of the estate under G.S. § 28A-23-3(d)(1)." N.C. Clerk of Superior Court Procedures Manual, 75.7 (2012). The manual then directs clerks to utilize a procedure for assessing the reasonableness of such fees similar to that used when reviewing a petition for attorneys' fees pursuant to N.C. Gen.Stat. § 28A-23-4. See id.

In conducting the reasonableness inquiry, the effect of N.C. Gen.Stat. § 28A-23-3(a) should be considered.