An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1115

Filed 6 May 2026

Cabarrus County, Nos. 20E000419-120, 20E001176-120

In the Matter of:

NORRIS DEAN WEST,

        Deceased.

Appeal by petitioners from order entered 13 June 2024 by Judge William Long, Jr., in Cabarrus County Superior Court. Heard in the Court of Appeals 10 February 2026.

> *Villmer Caudill, PLLC, by Bo Caudill and Nicholas E. Williams, for petitioners-appellants.*
>
> *Speaks Law Firm, by Jonathan Salmons, for respondents-appellees The West Trust Single a Revocable Living Trust, and the Estate of Norris Dean West.*

ZACHARY, Judge.

Petitioners Marcus West, Michael West, Anthony West, McKenna West, and Brennan West appeal from a superior court order affirming an order of the Cabarrus County Assistant Clerk of Superior Court directing the payment of attorney's fees from the Estate of Norris Dean West ("Decedent"). After careful review, we vacate the

superior court's order and remand to the superior court for further remand to the clerk of superior court for further proceedings.

## I.     Background

This appeal arises from the fractious administration of Decedent's Estate. At Decedent's death, he was survived by his five children and his wife, Lisa Mills. Decedent's will directed that the Estate assets be distributed to the West Trust. Anthony West, Erik West, Marcus West, Michael West, and the children of Timothy West (Brennan and McKenna) are beneficiaries of the West Trust. Timothy West was specifically excluded from taking as a beneficiary.

On 29 May 2020, Delores Uhle, Decedent's sister, qualified as executrix of Decedent's Estate and accepted the trusteeship of the West Trust. On 21 August 2020, Mills applied for a year's allowance and filed a petition for an elective share.

On 13 November 2020, Brennan, McKenna, Anthony, Michael, and Timothy West filed a "Verified Petition for Revocation of Letters Testamentary," in which they alleged that Uhle "ha[d] violated her duty as Executor of the [E]state of [Decedent]." On 7 December 2020, Uhle moved to dismiss the petition.

On 14 December 2020, Brennan, McKenna, Anthony, Michael, and Timothy West filed a motion requesting that the court remove Uhle as executrix, appoint Anthony West as executor, and freeze all of Decedent's accounts "including the Estate account." On 19 July 2021, Brennan, McKenna, Anthony, Michael, and Marcus West filed an additional motion "to freeze Trust and Estate accounts, cease all

disbursements until further order of the court, enjoin . . . Uhle from disbursing any proceeds from the sale of Decedent's real and/or personal property and to return unauthorized expenditures." The parties negotiated a consent order, which the clerk entered on 10 August 2021. The consent order provided that "[n]o expenditures, other than those absolutely necessary to protect and preserve [E]state and/or [T]rust property, shall be made without further order of the court" and specifically prohibited any additional payment of attorney's fees without a court's ruling.

Uhle filed a petition on 7 February 2023 requesting that the clerk dissolve the consent order and "authorize and award the payment of fees for . . . legal services on behalf of the Estate and/or Trust as were required in this matter." Specifically, the petition stated that the Estate and Trust had an outstanding balance of $30,983.34 due to The Anderson Law Firm.

On 10 February 2023, Uhle petitioned the clerk to approve her resignation as executrix of Decedent's Estate, citing multiple hospitalizations that "impaired her ability to administer the Estate."[1] According to the petition, Decedent's will nominated Erik West to serve as the successor-personal representative of the Estate.

On 2 March 2023, Uhle again petitioned the clerk to dissolve the consent order and "authorize . . . the payment of fees for . . . legal services on behalf of the Estate

---

[1] We note that the filing contains two file stamps—one dated 10 February 2023 and one dated 11 December 2023. Given that Uhle's signature on the filing is dated 6 February 2023 and taking the filing in context with the remainder of the record, we employ the 10 February 2023 file stamp date.

and/or Trust as were required in this matter." By that point, the Estate and Trust had incurred $82,169.80 in legal expenses to the Dameron Law Firm, P.A., with $57,169.80 still outstanding.

On 13 November 2023, Erik West accepted the successor trusteeship of the West Trust and on 10 January 2024, he qualified as executor of the Estate.

On 31 January 2024, the clerk entered an order dissolving the consent order and approved the payment in full from the Estate of "the fees submitted by Kendal Dameron [of Dameron Law Firm, P.A.] and Michael Anderson [of The Anderson Law Firm] for services provided to the Estate." The clerk noted that "[a]s for the question of the reasonableness of the fees submitted, this court does not generally set rates in cases where attorneys were privately retained," as occurred here. He explained that "[l]egal rates are established by individual attorneys, who price their own product. Their customers, their clients, decide what to pay." The clerk concluded that Uhle "acted in a responsible way when she hired experienced counsel" and that these "attorneys she hired did legal work, charged standard rates, and kept adequate business/billing records."

Brennan, McKenna, Anthony, Michael, and Marcus West timely appealed this order, pursuant to N.C. Gen. Stat. § 1-301.3 (2025), to the Superior Court of Cabarrus County on 1 February 2024.

In a detailed order entered on 13 June 2024, the superior court affirmed the clerk's order, finding, *inter alia*, that the clerk made the requisite findings of fact

concerning the necessity and reasonableness of the requested attorney's fees and concluding that the clerk had properly determined that the requested attorney's fees were "reasonable and necessary based upon the time . . . expended, skill necessary for these cases, the customary fees for like work and [the attorneys'] experience."

Brennan, McKenna, Anthony, Michael, and Marcus West timely appealed from the superior court's order.

## II.    Discussion

Brennan, McKenna, Anthony, Michael, and Marcus West raise one issue on appeal: whether the superior court erred in affirming the clerk's order directing the payment of attorney's fees from the Estate where the clerk failed to determine that those fees were "reasonable sums for necessary charges."

### A. Standard of Review

N.C. Gen. Stat. § 1-301.3 "applies to matters arising in the administration of trusts and of estates of decedents, incompetents, and minors." N.C. Gen. Stat. § 1-301.3(a). "In matters covered by this section, the clerk shall determine all issues of fact and law. The clerk shall enter an order or judgment, as appropriate, containing findings of fact and conclusions of law supporting the order or judgment." *Id.* § 1-301.3(b).

"A party aggrieved by the clerk's order . . . may appeal to the superior court." *In re Est. of Seamon*, 291 N.C. App. 547, 550, 896 S.E.2d 294, 296 (2023) (citing N.C. Gen. Stat. § 1-301.3(c)). On appeal, the superior court determines only the following:

"(1) Whether the findings of fact are supported by the evidence[;] (2) Whether the conclusions of law are supported by the findings of fact[; and] (3) Whether the order or judgment is consistent with the conclusions of law and applicable law." *In re Taylor*, 242 N.C. App. 30, 33, 774 S.E.2d 863, 866 (2015) (citing N.C. Gen. Stat. § 1-301.3(d)).

"To determine whether the findings of fact are supported by the evidence, the superior court reviews the whole record. Conclusions of law are reviewed de novo." *Seamon*, 291 N.C. App. at 550, 896 S.E.2d at 297 (citation omitted). "The standard of review in this Court is the same as that in the superior court." *Id.* (cleaned up).

**B. Attorney's Fees**

Under N.C. Gen. Stat. § 28A-13-3(a)(19), a personal representative is authorized to employ attorneys "to advise or assist the personal representative in the performance of the personal representative's administrative duties." However, "[n]o direct statutory provision governs the payment of attorney's fees from an estate to an attorney representing the personal representative of the estate; the personal representative is generally personally liable for such fees." *Seamon*, 291 N.C. App. at 550, 896 S.E.2d at 297.

Nevertheless, "under N.C. Gen. Stat. § 28A-23-3(d)(1), the clerk of court possesses the authority to allow 'reasonable sums for necessary charges and disbursements incurred in the management of the estate.' " *Id.* (quoting N.C. Gen. Stat. § 28A-23-3(d)(1)). Our Supreme Court "has expressly recognized that attorneys'

fees incurred in the administration of an estate fall within this statutory provision." *Taylor*, 242 N.C. App. at 40, 774 S.E.2d at 870.

"[C]lerks . . . possess the authority to review attorneys' fees petitions for reasonableness pursuant to their power to allow reasonable sums for necessary charges and disbursements incurred in the management of an estate," *id.* at 40–41, 774 S.E.2d at 870, and in fact are required to review the reasonableness of such fees prior to allowing payment of the fees from the estate. *Id.* at 41, 774 S.E.2d at 870–71. Where an order awarding attorney's fees "contain[s] insufficient findings to support [the clerk's] decision as to the amount of attorneys' fees that [are] reasonable and therefore allowable as an expense of the [e]state," we will vacate the order. *Id.* at 41, 774 S.E.2d at 871.

In the instant case, the clerk concluded that "[a]s for the question of the reasonableness of the fees submitted, this court does not generally set rates in cases where attorneys were privately retained," in that clients "decide what to pay." The clerk further concluded that "the attorneys did the work they were hired to do, kept adequate business records of their work, and communicated that in a transparent manner." While all of this may be true, the ultimate inquiry is whether the requested fees were "reasonable sums for necessary charges." N.C. Gen. Stat. § 28A-23-3(d)(1).

It is significant that the client in such cases is the *estate*, the administration of which the clerk supervises. Although a clerk is not required to "set rates," he or she must determine whether the rates charged to the estate are reasonable before

- 7 -

allowing the payment of those fees from estate assets. Here, the clerk's order contains no assessment or determination that the legal fees were reasonable before directing payment of the fees from the Estate.

The superior court concluded that the fees for both attorneys were "reasonable and necessary" based on the attorneys' time expended, skill, experience, and customary fees. However, "[o]n appeal to the superior court of an order of the clerk in matters of probate, the trial court judge sits as an appellate court." *In re Est. of Harper*, 269 N.C. App. 213, 215, 837 S.E.2d 602, 604 (2020) (cleaned up). Thus, it is not the role of the superior court to make new conclusions of law; rather, its role is to review the clerk's order and determine whether the conclusions of law are supported by the findings of fact. *See Taylor*, 242 N.C. App. at 33, 774 S.E.2d at 866.

We tend to agree with Respondents that the evidence in the record may well support a finding the fees were reasonable and necessary. However, as noted above, the clerk is authorized to exercise discretion in reviewing the reasonableness of the fees incurred and has the duty to make findings of fact and conclusions of law supporting the award accordingly. *Id.* at 39–40, 774 S.E.2d at 869–70. Indeed, in *Taylor*, we contrasted a clerk's authority to review the reasonableness of fees with "the ministerial task of simply determining whether the entries in a submitted account reflect[ed] the actual receipts and disbursements made by the executor." *Id.* at 38, 774 S.E.2d at 869. Here, reviewing the clerk's order, it is unclear whether the clerk was engaging in a discretionary determination of the reasonableness of the fees

incurred or simply engaging in a ministerial task of reviewing whether the fees incurred reflected the charges agreed to and received.

The purpose of findings of fact and conclusions of law is "to allow the reviewing court to determine whether [an order], and the legal conclusions that underlie it, represent a correct application of the law." *McKyer v. McKyer*, 179 N.C. App. 132, 148, 632 S.E.2d 828, 837 (2006) (citation omitted), *disc. review denied*, 361 N.C. 356, 646 S.E.2d 115 (2007). In the absence of findings demonstrating the clerk's exercise of his authority to review the reasonableness of the fees, the proper remedy is to remand the matter to the trial court for further remand to the clerk to make the requisite findings of fact and conclusions of law. *Taylor*, 242 N.C. App. at 41, 774 S.E.2d at 871.

### III.   Conclusion

We vacate the superior court order and remand to the superior court for further remand to the clerk for proceedings consistent with this opinion.

VACATED AND REMANDED.

Judges TYSON and HAMPSON concur.

Report per Rule 30(e).